# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM M. DUFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16 C 5843 |
| | ) | |
| THOMAS J. DART, ET AL., | ) | Judge Thomas M. Durkin |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION & ORDER**

After suffering a slip and fall injury in his cell in Cook County Jail, plaintiff William M. Duffin sued two sets of defendants: (1) Thomas H. Dart in his official capacity as the Sheriff of Cook County, the Cook County Sheriff's Office, Cook County, an unknown correctional officer (an employee of the Cook County Sheriff's Office), John Doe (an employee of the Cook County Sheriff's Office), and other unknown employees of the Cook County Sheriff's Office (collectively, the "Cook County defendants"); and (2) four medical providers at Stroger Hospital (Andre Ting, Trevor Lewis, Neera Khattar, and Stephanie Campbell) (collectively, the "Stroger defendants").

Currently before the Court is defendants' motion for judgment on the pleadings with respect to Counts III and IV of Duffin's third amended complaint. R. 44. Count III alleges that the Stroger defendants and unknown employees of the Cook County Sheriff's Department were deliberately indifferent in their treatment

of Duffin's fractured clavicle resulting from the slip and fall. Count IV is a *Monell* claim against Dart, the Cook County Sheriff's Office, and Cook County based on an alleged widespread practice of failing to provide adequate medical care at Cook County Jail. For the reasons explained below, the Court grants without prejudice defendants' motion for judgment on the pleadings with respect to Counts III and IV.

**STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." "Failure to state a claim upon which relief can be granted" is properly raised in "a motion under Rule 12(c)." Fed. R. Civ. P. 12(h)(2).

The standard applied to motions under Rule 12(c) is the same standard applied to dismissals under Federal Rule of Civil Procedure 12(b)(6). *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). The complaint must provide "a short plain statement of the claim showing that the pleader is entitled to relief." Fed. Civ. P. 8(a)(2). Through this statement, defendants must be provided with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This means the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Mann*, 707 F.3d at 877 (quoting *Iqbal*, 556 U.S. at 678). In

applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Mann*, 707 F.3d at 877.

**BACKGROUND**

In late February 2015, while housed at Cook County Jail as a pretrial detainee, Duffin reported a leaking sink in his cell to an unknown correctional officer and John Doe, a maintenance worker. R. 29 ¶¶ 1, 21. Doe told Duffin that he would return to repair the leaking sink. *Id.* ¶ 22.

As of March 2, 2015, the sink had not been repaired, and Duffin slipped and fell in a puddle of water coming from the leaking sink. *Id.* ¶¶ 23, 25. After Duffin fell, he was transported to Cermak Hospital. *Id.* ¶ 27. A doctor at Cermak evaluated Duffin's injuries, administered x-rays, and determined that Duffin had fractured his clavicle bone. *Id.* ¶ 28.

Duffin was then transported to Stroger Hospital for treatment, where he spent approximately ten hours. *Id.* ¶¶ 29-30. Duffin alleges that the Stroger defendants evaluated his injuries and confirmed that he had suffered a fractured clavicle. *Id.* ¶¶ 31-38. Duffin also alleges that in their evaluations, none of the Stroger defendants reset his bone. *Id.* Defendant Ting told Duffin not to use his arm for five weeks, and unidentified individuals gave Duffin a sling and prescribed ibuprofen, muscle relaxants, and calcium. *Id.* ¶ 40.

Since his discharge from Stroger, Duffin has continued to experience extreme pain in his shoulder, neck, and back. *Id.* ¶¶ 39, 41. Over a nineteen-month period, Duffin filed twelve medical slips requesting medical attention and pain medication

3

*Id.* ¶ 42. In response to his requests, Cermak medical staff examined him and prescribed ibuprofen or acetaminophen, which Duffin alleges failed to relieve his pain. *Id.* ¶ 43.

Duffin filed suit on June 2, 2016. R. 1. On July 22, 2016, this Court dismissed Duffin's complaint without prejudice and appointed counsel. R. 7. In that order, the Court explained that Duffin's allegations regarding the maintenance worker's failure to fix the leaking sink amount at most to negligence, and even gross negligence does not give rise to a constitutional violation. *Id.* at 3. The Court further determined that Duffin had not stated a deliberate indifference claim. Duffin's allegations that doctors treated his fracture by putting his arm in a sling and telling him to rest it did not rise to the level of disregarding an excessive risk to Duffin's health. *Id.* The Court noted that "depending on the severity of the fracture, placing the arm in a sling to restrict movement may be proper." *Id.* (citing Mayo Clinic, Diseases and Conditions, Broken Collarbone, http://www.mayoclinic.org/diseases-conditions/broken-collarbone/diagnosis_treat ment/drc-20370316 (last visited January 16, 2018)). Duffin also had alleged, however, that his clavicle bone healed improperly. *Id.* The Court explained that "[i]f Plaintiff's bone failed to heal properly and he made complaints of pain that went unaddressed, Plaintiff may be able to state a claim for deliberate indifference to his serious medical needs." *Id.* The Court recruited counsel to investigate whether Duffin may be able to state a claim for deliberate indifference. *Id.* at 3-4.

Duffin filed a *pro se* amended complaint (R. 15), which was stricken because he had appointed counsel (R. 18). Duffin's counsel filed a second amended complaint (R. 19), and subsequently moved for leave to amend and file a third amended complaint (R. 26). The Court granted that motion (R. 28), and Duffin filed his third amended complaint (R. 29). Defendants subsequently moved for judgment on the pleadings with respect to Counts III and IV of the third amended complaint (R. 44).[1]

## ANALYSIS

### I. Count III (Deliberate Indifference)

Count III of Duffin's third amended complaint alleges that the Stroger defendants and unknown employees of the Cook County Sheriff's Office were deliberately indifferent to Duffin's serious medical needs after his fall. R. 29 ¶¶ 57-62. "Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they display deliberate indifference to serious medical needs of prisoners." *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008) (quotation marks omitted). To state a claim for deliberate indifference based on failure to provide adequate medical treatment, a plaintiff must allege facts sufficient to show that he suffered from "(1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent." *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016).

This Court already has determined, and defendants do not contest, that Duffin's fractured clavicle was a serious medical condition satisfying the first,

---

[1] Duffin agreed to voluntarily dismiss Counts II and V on June 2, 2017. Count I against Doe and an unknown correctional officer remains.

objective element of his claim. *See* R. 7 at 4. Defendants maintain, however, that Duffin has not alleged facts showing that they were deliberately indifferent for purposes of the second, subjective element.

The subjective element of a deliberate indifference claim requires the plaintiff to show that a defendant acted or failed to act "despite his knowledge of a substantial risk of serious harm" to the inmate. *Farmer v. Brennan*, 511 U.S. 825, 842 (1994). In the prison context, "medical professionals . . . are entitled to deference in treatment decisions unless no minimally competent medial professional would have so responded under the circumstances at issue." *McGee v. Adams*, 721 F.3d 474, 481 (7th Cir. 2013) (quotation marks omitted). "When a medical professional acts in his professional capacity, he may be held to have displayed deliberate indifference only if the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Id*. (quotation marks omitted). Disagreement with the course of treatment prescribed by a doctor is not alone enough to establish a constitutional violation. *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006).

First addressing Duffin's allegations against unknown employees of the Cook County Sheriff's Office, Duffin claims that he reported the leaking sink in his cell to John Doe and an unknown correctional officer (both employees of the Cook County Sheriff's Office), and that Doe failed to fix the sink as promised. R. 29 ¶¶ 1, 18, 21-24. But, as this Court already has found, Duffin's allegations regarding the failure

6

to fix the leaking sink amount at most to negligence, and even gross negligence does not give rise to a constitutional violation. R. 7 at 3 (citing *McGowan v. Hulick*, 612 F.3d 636, 641 (7th Cir. 2010)). Accordingly, Duffin has not stated a plausible claim for deliberate indifference against the unknown employees of the Cook County Sheriff's Office.

Turning to Duffin's against the Stroger defendants, the third amended complaint makes clear that Duffin spent only a limited amount of time at Stroger—ten hours total—and that his interactions with the Stroger defendants were isolated instances. R. 29 at ¶¶ 29-40. The complaint alleges that each of the Stroger defendants "never reset Mr. Duffin's bone," *id.* ¶¶ 32, 34, 36, 38, that Duffin was given a sling at Stroger, *id.* ¶ 40, and that Stroger defendant Ting told Duffin not to use his arm for five weeks, *id.* The complaint then states the legal conclusion that the Stroger defendants were "deliberately indifferent to the serious medical needs and pain" Duffin suffered. *E.g., id.* ¶ 60.

In its order ruling on defendants' initial motion to dismiss and appointing counsel, this Court explained that Duffin's appointed counsel, mindful of her "Rule 11 obligations," should "investigate whether [Duffin] may be able to state a claim for deliberate indifference." R. 7 at 4. The Court explained, by way of example, that if Duffin's "bone failed to heal properly," that might support a deliberate indifference claim against the Stroger defendants based on their failure to reset it. *See id.* at 3. But Duffin's third amended complaint nowhere alleges that his bone failed to heal properly. The Court takes this omission to mean that Duffin's counsel

7

did not have a good faith basis for making such an allegation. More generally, the complaint nowhere alleges that use of a sling and failure to reset the bone was medically improper treatment for Duffin's clavicle fracture, let alone that it was so inappropriate as to satisfy the standard for deliberate indifference (*i.e.*, that "no minimally competent medial professional would have so responded under the circumstances at issue," *McGee*, 721 F.3d at 481). The Court suspects this might mean that counsel does not have a good faith basis for alleging that the Stroger defendants' treatment was medically improper. Again, a complaint must "'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Mann*, 707 F.3d at 877 (quoting *Iqbal*, 556 U.S. at 678). The third amended complaint does not do so with respect to the Stroger defendants' treatment of Duffin's clavicle fracture.

In his response brief, Duffin argues that he has stated a claim for deliberate indifference based on his allegations that he filled out twelve medical slips reporting pain over a nineteen-month period, for which he was prescribed only ibuprofen and acetaminophen. R. 50 at 3-5. It is true that "knowingly adher[ing] to an easier method to treat [a plaintiff's] pain that [a doctor] knew was not effective" can constitute deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010). The problem, however, is that Duffin's allegations about failure to address his pain complaints do not match up with the defendants he has sued. The complaint alleges that "staff at Cermak" responded to Duffin's twelve medical slips and prescribed the ibuprofen and acetaminophen. R. 29 ¶ 43. But the complaint

8

does not name any staff at Cermak as defendants. *Id.* at 1. Nor does the complaint allege that the Stroger defendants or the unknown employees of the Cook County Sheriff's Office—the defendants named in Count III—were in any way involved in the alleged failure to respond adequately to Duffin's twelve medical slips. Accordingly, Duffin's allegations regarding the response to his medical slips reporting pain do not provide a basis for denying defendants' motion for judgment on the pleadings with respect to Count III.

For these reasons, the Court grants without prejudice defendants' motion for judgment on the pleadings with respect to Count III. Duffin's counsel should determine whether, consistent with her obligations under Rule 11 and based on the guidance provided in this opinion, Duffin has a viable claim against the Stroger defendants and/or the Cermak medical professionals for deliberate indifference. Counsel should be sure to name the proper defendants in any amended complaint.

## II. Count IV (*Monell* Claim)

Count IV of Duffin's complaint alleges that there is a widespread custom and practice of failing to provide adequate medical care to Cook County Jail detainees including Duffin, of which defendants Dart, the Cook County Sheriff's Office, and Cook County have actual or constructive notice. R. 29 ¶¶ 64-69. As the Seventh Circuit recently explained when addressing a *Monell* claim against Cook County, Dart, and the Cook County Sheriff's Department regarding deficiencies in the Cook County Jail medical care system: "To hold defendants liable under § 1983 and *Monell*, [plaintiff] must demonstrate that the defendants' official policy,

widespread custom, or action by an official with policy-making authority was the moving force behind his constitutional injury." *Daniel v. Cook Cty.*, 833 F.3d 728, 734 (7th Cir. 2016) (quotation marks omitted). "To prove an official policy, custom, or practice within the meaning of *Monell*, [plaintiff] must show more than the deficiencies specific to his own experience"; he must show "systemic and gross deficiencies in staffing, facilities, equipment, or procedures in a detention center's medical care system." *Id.* at 734-35 (quotation marks omitted). "If [plaintiff] meets this mark, he must then show that a policymaker or official knew about these deficiencies and failed to correct them." *Id.* at 735.

Here, the allegations in Count IV are boilerplate statements that repeat the elements of an official capacity claim without further factual content. R. 29 ¶¶ 64-69. These allegations are plainly insufficient to state a *Monell* claim. *See, e.g.*, *Falk v. Perez*, 973 F. Supp. 2d 850, 864 (N.D. Ill. 2013) ("Plaintiff merely states boilerplate legal conclusions that are the elements of her *Monell* claim," which is "not sufficient to satisfy the requirements to plead a *Monell* claim under *Twombly* and *Iqbal*").

Moreover, the allegations elsewhere in Duffin's complaint (which he incorporates by reference in Count IV, *id.* ¶ 63) are "specific to [Duffin's] own experience," and do not plausibly allege any "systemic and gross deficiencies in staffing, facilities, equipment, or procedures in a detention center's medical care system." *Daniel*, 833 F.3d at 734-35; *see, e.g.*, *Lanton v. City of Chicago*, 2017 WL 569155, at *4 (N.D. Ill. Feb. 13, 2017) ("Plaintiff's allegations did not state a

plausible *Monell* claim against the City under the federal pleading standards because[,] although she gave sufficient details concerning how City employees treated her . . . she failed to allege any other instances of a widespread practice or policy.") (citing *Daniel*, 833 F.3d at 728).² Indeed, far from alleging that he was the victim of a systemic failure, Duffin alleges that he was promptly transported to Cermak and then Stroger after his fall, R. 29 ¶¶ 27, 29, and that his twelve complaints of pain were responded to by Cermak staff, *id.* ¶ 43. Moreover, Duffin alleges no facts suggesting that anyone in the Cook County Sheriff's Office was aware of the allegedly ineffective treatment of Duffin's pain.

Because Count IV as pleaded fails to state a *Monell* claim, the Court dismisses Count IV without prejudice.

---

² Nor is this one of the "narrow range of circumstances" in which "the possibility of harm from a custom or practice [is] so obvious that evidence of a series or prior injuries is not needed to support an inference of deliberate indifference." *Chatham v. Davis*, 839 F.3d 679, 685 (7th Cir. 2016) (quotation marks omitted). This case is a far cry from recent cases where this Court has applied that doctrine to allow *Monell* claims to go forward. In *Bradford v. City of Chicago*, 2017 WL 2080391 (N.D. Ill. May 15, 2017), for example, this Court held that allegations "that the City permitted the placement of at-risk detainees in cells where they could not readily be seen and heard, despite safer options," and that "the City failed over a period of years to fix broken security cameras in those cells," supported "a plausible inference" that the plaintiff's husband's suicide "was the result of the City's systemic failure to adequately supervise at-risk detainees." *Id.* at *5. Unlike in *Bradford*, Duffin has not alleged facts that would support a finding that his injuries were a "highly predictable consequence" of a systemic failure. *See id.* (quotation marks omitted).

11

## CONCLUSION

For the foregoing reasons, the Court grants without prejudice defendants' motion for judgment on the pleadings with respect to Counts III and IV of Duffin's third amended complaint.

If Duffin believes he can cure the deficiencies identified in this opinion, he may file a motion for leave to file an amended complaint on or before February 20, 2018. The motion should attach a redlined comparison between the third amended complaint and the proposed fourth amended complaint, and it should be supported by a brief of no more than five pages describing how the proposed amended complaint cures the deficiencies in the current complaint. Should Duffin choose to file such a motion, defendants should not respond unless ordered to do so by the Court.

ENTERED:

*Thomas M Durkin*
Honorable Thomas M. Durkin
United States District Judge

Dated: January 18, 2018